UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CERES ENVIRONMENTAL SERVICES, INC.<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 12-1745 |
| GLASS CONTRACTING OF. ST. TAMMANY, INC., et al.,<br>    Defendants | SECTION "E" |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by defendants Stranco, Inc., Stranco Environmental Resources, Inc., and Stranco Solid Waste Management Company, LLC (collectively, the "Stranco Defendants").[1] For the reasons set forth below, the Stranco Defendants' motion to dismiss is denied.

This is a contract dispute between plaintiff Ceres Environmental Services, Inc. ("Ceres"), the Stranco Defendants, and defendant Glass Contracting of St. Tammany, Inc. ("Glass Contracting"). Ceres alleges that it had an oral contract with the Stranco Defendants and Glass Contracting to perform post-hurricane debris removal work in St. Tammany Parish, Louisiana.[2] Ceres alleges that Glass Contracting and the Stranco Defendants over-billed for their work, that Ceres overpaid them as a result, and that defendants' failure to repay Ceres as a result of these overpayments constitutes a breach of

---

[1] R. Doc. 9.

[2] *See* R. Doc. 1.

1

contract.³ Ceres alleges that, while the proposals "on which the contract were based"⁴ were on Glass Contracting letterhead, those proposals were sent by facsimile from the Stranco Defendants and signed by the president of the Stranco Defendants.⁵

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief (i.e. for "failure to state a claim"). *See, e.g. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the non-moving party, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In their motion to dismiss, the Stranco Defendants argue that Ceres' claims against

---

³ *Id*.

⁴ Ceres does not contend that any written contract existed between it and the defendants. Instead, Ceres alleges that these proposals provided pricing information and served as the basis for an oral contract between Ceres and the defendants.

⁵ *Id*.

them should be dismissed pursuant to Rule 12(b)(6).[6] The Stranco Defendants contend that they are not parties to the contract at issue, which they state is between only Ceres and Glass Contracting, and that any business relationship between Glass Contracting and the Stranco Defendants is irrelevant.[7] In response, Ceres argues that, construing the facts in its favor and accepting its well-pled allegations as true, it has alleged a plausible cause of action for breach of oral contract against both Glass Contracting and the Stranco Defendants.[8] The Court agrees with Ceres. The fact that the proposals attached to the Stranco Defendants' motion to dismiss do not explicitly reference any of the Stranco Defendants by name does not establish that there was no oral agreement between Ceres and the Stranco Defendants.[9] The Court must take Ceres' well-pled allegations as true, and, taking those allegations as true, Ceres has alleged a facially plausible claim for breach of oral contract against both Glass Contracting and the Stranco Defendants. As a result, Ceres' complaint survives the Stranco Defendants' motion to dismiss.

Accordingly, **IT IS ORDERED** that the Stranco Defendants' motion to dismiss be and hereby is **DENIED.**

---

[6] R. Doc. 9-1.

[7] *Id.*

[8] *Id.*

[9] The Stranco Defendants attached the proposals at issue to their motion to dismiss, which proposals were not attached to Ceres' complaint but referenced therein. Because the proposals were referenced in Ceres' complaint and are central to its claim, the Court did not need to convert this motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 15(d); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Moran Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**New Orleans, Louisiana, this 2nd day of January, 2013.**

```
                    _____
                         SUSIE MORGAN
                    UNITED STATES DISTRICT JUDGE
```